# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZENI PARRIS GIBSON,

                Plaintiff,

v.                                           Case No:   6:21-cv-915-LHP

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant

———————————————————

## ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**   **UNOPPOSED AMENDED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**   (Doc. No. 34) |
| **FILED:**   **October 23, 2023** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

———————————————————

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 17, 21–22.

## I.    BACKGROUND.

Prior to filing the above-styled case, on May 25, 2021, Zeni Parris Gibson ("Claimant") entered into a contingency fee agreement with Bradley K. Boyd, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits. Doc. No. 34-9.   In the event that the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant and/or her family past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd a fee of up to twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded to Claimant or her family.   *Id.*   Pursuant to the fee agreement, the twenty-five percent (25%) cap on attorney's fees included the work performed by counsel at the administrative level.   *Id.*

On May 27, 2021, Claimant filed a complaint alleging that the Commissioner had improperly denied her claim for disability insurance benefits.   Doc. No. 1.   On the Commissioner's unopposed motion, Doc. No. 23, the Court reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 24.   Judgment was entered accordingly on December 14, 2021.   Doc. No. 25.

Following remand, Claimant timely filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   Doc. No. 26.

Attorney Boyd stated that he spent 23.85 hours on this case prior to remand.   Doc. No. 26-1.   On March 11, 2022, the Court granted the motion in relevant part, and awarded a total of $4,984.65 in attorney's fees under the EAJA.   Doc. No. 27.

On remand, the Commissioner issued a partially favorable decision and determined that Claimant was entitled to disability insurance benefits, and that Claimant had four (4) auxiliary beneficiaries (minors) who were also entitled to benefits under Claimant's account.   *See* Doc. Nos. 34-2 through 34-6.   The Commissioner awarded Claimant past-due benefits in the total amount of $45,773.00.   Doc. No. 34-6, at 2.   The Commissioner also awarded the auxiliary beneficiaries a total of $22,822.00 in past-due benefits ($985.00 + $7,279.00 + $7,279.00 + $7,279.00).   Doc. Nos. 34-2 through 34-5.   Thus, the past-due benefits awarded total $68,595.00.

By the present motion, Attorney Boyd seeks authorization to collect $11,148.75 in attorney's fees under § 406(b), which represents twenty-five percent (25%) of the total past-due benefits to be paid to Claimant and the auxiliary beneficiaries ($17,148.75), minus $6,000.00 in fees awarded to Attorney Boyd at the administrative level, which he agreed to deduct pursuant to the fee agreement. Doc. No. 34.   *See also* Doc. No. 34-9.[2]   Attorney Boyd states that he will refund the

---

[2] "The same legal analysis [applies to] the reasonableness of the § 406(b) fee and

$4,984.65 in EAJA fees as soon as he receives payment from the Social Security Administration. Doc. No. 34, at 5. The Commissioner does not oppose the motion. *Id.* at 5, 12. *See also* Doc. No. 35.[3] Accordingly, the matter is ripe for review.[4]

## II.   APPLICABLE LAW.

Attorney Boyd seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due

---

application of the terms of Plaintiff's fee agreement (including benefits awarded to beneficiaries)." *See Arroyo v. Comm'r of Soc. Sec.*, No. 6:20-cv-35-ACC-LHP, 2022 WL 18716689, at *1 (M.D. Fla. Dec. 1, 2022). *See also Chabriel v. Comm'r of Soc. Sec.*, No. 6:13-cv-1711-Orl-41TBS, 2016 WL 1242518, at *1 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1223556 (M.D. Fla. Mar. 29, 2016) (approving fee award under § 406(b) to include a percentage of benefits owed to auxiliary beneficiaries).

[3] The Commissioner has filed a response to the motion, but does not oppose the motion, nor raise any argument regarding the timeliness of the motion. *See* Doc. No. 35.

[4] Given that the Commissioner does not object to the motion on timeliness grounds, the Court has treated Attorney Boyd's motion as timely under § 406(b) based on the representations in the motion and accompanying affidavit from Attorney Boyd. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006) (although Fed. R. Civ. P. 54(d)(2) applies to § 406(b) fee motions, finding § 406(b) fee motion timely solely based on the Commissioner's lack of objection regarding timeliness). *See also Gray v. Saul*, No. CV 15-00522-B, 2019 WL 13218821, at *2 (S.D. Ala. July 10, 2019) (finding § 406(b) fee petition timely given history of case and lack of objection regarding timeliness by the Commissioner). However, Attorney Boyd is cautioned that the better practice would have been moving for an extension of time to file his fee petition upon receipt of the notices of award. *Cf. Bergen*, 454 F.3d at 1278 n.2.

- 4 -

benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[5]   The statute further provides that it is unlawful for an

attorney to charge, demand, receive, or collect for services rendered in connection

with proceedings before a court any amount more than that allowed by the court.

*Id.* § 406(b)(2).   Therefore, to receive a fee under this statute, an attorney must seek

court approval of the proposed fee, even if there is a fee agreement between the

attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh

Circuit held that § 406(b) "authorizes an award of attorney's fees where the district

court remands the case to the Commissioner of Social Security for further

proceedings, and the Commissioner on remand awards the claimant past-due

benefits."   *Id.* at 1277.   Accordingly, if the court remands a case to the

Commissioner, the claimant's attorney is entitled to recover his attorneys' fees for

---

[5] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).   Accordingly, here, the Court need not consider any § 406(a) fees awarded at the administrative level.   However, Attorney Boyd has voluntarily deducted the § 406(a) fees previously awarded pursuant to the fee agreement entered into with Claimant.   Doc. No. 34, at 4; Doc. No. 34-9.

the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.   *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b) — both of which compensate the attorney for the attorney's efforts before the district court.   If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to the claimant the amount of the smaller fee.   *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).   The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request.   *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney's fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.   In the case of a contingency fee, the best indicator of "reasonableness" is the percentage negotiated between the claimant and the attorney.   *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).   However, a court cannot rely solely on the existence of a contingency fee agreement.   *See Gisbrecht*, 535 U.S. at 807–08.   Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each case.   *Id.*   In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours

spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent, and billing rate does not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III.   ANALYSIS.

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision. Doc. Nos. 23–25. Ultimately, the Commissioner found that Claimant was disabled, and awarded a total of $68,595.00 in past-due benefits. *See* Doc. Nos. 34-2 through 34-6. Attorney Boyd is therefore entitled to an award of attorneys' fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded, in the amount of $17,148.75. *See* 42 U.S.C. § 406(b)(1)(A). However, as discussed above, Attorney Boyd reduces his request by

the amount of fees awarded at the administrative level pursuant to § 406(a)—$6,000.00—pursuant to the fee agreement.  *See* Doc. No. 34, at 4; Doc. No. 34-9. So, Attorney Boyd seeks to recover a total of $11,148.75.  *See* Doc. No. 34, at 4.

The Court finds that the amount Attorney Boyd's request in § 406(b) fees is reasonable.  First, Claimant entered a contingency-fee agreement, in which she agreed to pay Attorney Boyd and his law firm a fee of twenty-five percent (25%) of the total amount of the past due benefits ultimately awarded to Claimant and her family (to include the fee paid for work performed at the administrative level). Doc. Nos. 34-9.  This agreement militates in favor of finding that the requested amount is reasonable.  *See Wells*, 907 F.2d at 371.  Second, Attorney Boyd represents that he spent at least 23.85 hours litigating Claimant's case before this Court.  Doc. No. 34-8.  As a result of Attorney Boyd's advocacy, Claimant and her beneficiaries were awarded past-due benefits.  *See* Doc. Nos. 34-2 through 34-6. Third, there is no evidence that Attorney Boyd or his law firm caused any delays in this case.  Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.  Considering the foregoing, and absent any objections from the Commissioner, the Court finds the request for $11,148.75 in attorney's fees under § 406(b) reasonable under the circumstances of this case.

## IV.   CONCLUSION.

Accordingly, it is **ORDERED** that:

1.      The Unopposed Amended Motion for Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. No. 34) is **GRANTED**.

2.      Attorney Boyd is authorized to charge a total of $11,148.75 in § 406(b) fees and is **DIRECTED** to immediately refund the full amount of previously awarded EAJA fees ($4,984.65) to Claimant.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties